JUSTICE HASSELL
delivered the opinion of the Court.
I.
In these consolidated appeals from two separate judgments, we consider whether the circuit court, which had not entered orders compelling discovery, erred in dismissing the plaintiffs’ motions for judgment because of their failure to respond to the defendants’ discovery requests.
n.
Pauline Brown and Elaine Hughes, represented by the same counsel, filed separate motions for judgment against William Black, National Railroad Passenger Corporation, d/b/a Amtrak, Paul Jones Elliott, Car Center, and CSX Transportation, Inc. The plaintiffs alleged that they were injured while traveling as passengers on the same train operated by Amtrak and that the defendants breached certain duties owed to them.
In June 1998, defendants Black, Amtrak, and CSX Transportation propounded interrogatories to the plaintiffs in the separate actions. Defendants Elliot and Car Center “joined” with the co-defendants in these discovery requests. The plaintiffs failed to respond to the discovery requests. In May 1999, defendants Black, Amtrak, and CSX Transportation filed motions “to compel answers to interrogatories, deposition of plaintiff, independent medical examination of plaintiff or in the alternative to dismiss plaintiff’s motion for judgment with prejudice” in both actions.
*308 These defendants asserted in their motions that the plaintiffs failed to respond to certain interrogatories propounded to them, that the defendants’ counsel “wrote to [plaintiffs’] counsel requesting answers to the interrogatories,” and that in March 1999 “defendants’ counsel wrote [plaintiffs’] counsel requesting dates for [the plaintiffs’ depositions and independent medical examinations.]” According to the allegations in the defendants’ motions, even though plaintiffs’ counsel replied that she would “get back shortly” to defendants’ counsel, she failed to do so. The defendants’ counsel requested that the circuit court enter orders requiring the plaintiffs to comply with the discovery requests or, in the alternative, that the court dismiss with prejudice the plaintiffs’ motions for judgment.
After the plaintiffs did not respond to the defendants’ motions, the defendants gave the plaintiffs notice of a hearing. At the hearing, the circuit court permitted defendants Elliott and Car Center to “join in” the motions. Counsel did not appear for either plaintiff. However, a lawyer, who was apparently contemplating serving as new counsel for the plaintiffs in these actions, attended the hearing but specifically declined to be named as counsel of record for the plaintiffs. The court ruled that it would dismiss both motions for judgment.
The plaintiffs filed motions for reconsideration after the court had ruled, but before the entry of orders dismissing their motions for judgment. Plaintiffs’ counsel argued that Rule 4:12 authorizes a circuit court to dismiss a motion for judgment only if the plaintiff has failed to obey a discovery order. The plaintiffs asserted that the circuit court should not have dismissed their motions for judgment because the court had not entered orders compelling discovery in their respective cases. The circuit court concluded that the plaintiffs were derelict in the prosecution of their cases and declined to change its ruling. Subsequently, the circuit court entered orders dismissing the motions for judgment. The plaintiffs appeal.
III.
Rule 4:12 states in relevant part:
“(a) Motion for Order Compelling Discovery. — A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
*309 “(b) Failure to Comply With Order. — (1) Sanctions by Court in County or City Where Deposition Is Taken. If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the county or city in which the deposition is being taken, the failure may be considered a contempt of that court.
“(2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 4:5(b)(6) or 4:6(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this Rule or Rule 4:10, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
“(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
“(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
“(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
“(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. — If a party or an officer, director, or managing agent of a party or a person designated under Rule 4:5(b)(6) or 4:6(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 4:8, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 4:9, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this Rule. In lieu of any order or in addition thereto, the court shall *310 require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney’s fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.”
“The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 4:1(c).”
(Emphasis added).
The plaintiffs contend that even though Rule 4:12 grants a circuit court the authority to dismiss an action because of a party’s failure to comply with discovery, such dismissal is appropriate only when that party has violated a court order compelling a party to comply with a discovery request. The defendants respond that Rule 4:12(d) grants a circuit court the authority to dismiss an action if a plaintiff fails to serve answers to interrogatories submitted under Rule 4:8 after proper service of the interrogatories and that “[t]he violation by a party of an order is not a condition precedent to the imposition of sanctions under Rule 4:12.” Continuing, the defendants say the dismissals were justified in these cases because the plaintiffs failed to respond to interrogatories filed more than a year before the dismissals, did not appear at the hearing on the motion to compel discovery, and had not pursued their respective causes of action with diligence for more than one year. We disagree with the defendants’ arguments.
Rule 4:12(a) sets forth the procedure that a party must follow to obtain an order compelling discovery and permits a court to award attorney’s fees and expenses. Rule 4:12(b) enumerates the sanctions that a court may impose if a party “fails to obey an order to provide or permit discovery.” Thus, a party’s failure to obey such an order is a prerequisite for the imposition of sanctions under paragraphs (A), (B), and (C) of Rule 4:12(b)(2).
Rule 4:12(d) permits a circuit court to take the actions authorized under paragraphs (A), (B), and (C) of Rule 4:12(b)(2) when a party acts or fails to act in the circumstances set forth in Rule 4:12(d). As stated above, however, those actions are only authorized when a party has failed “to obey an order to provide or permit discovery.” Thus, we conclude that the limitation on the circuit court’s power to impose sanctions specified in paragraphs (A), (B), and (C) *311 of Rule 4:12(b)(2), that a party has failed to obey an order to provide or permit discovery, necessarily restricts the circuit court’s exercise of those powers under Rule 4:12(d).
We also note that both Rule 4:12(b)(2) and Rule 4:12(d) provide that “the court in which the action is pending may make such orders in regard to the failure [to comply with discovery] as are just.” This language, which gives a circuit court broad discretion to tailor its sanctions to the particular conduct of a party in a given case, was not intended to confer upon a court the power to dismiss an action unless a party has violated an order compelling discovery. Neither Rule 4:12(b)(2) nor Rule 4:12(d) permits such a drastic sanction in the absence of the violation of an order compelling discovery.
Our interpretation of Rule 4:12(b)(2) does not render meaningless the provisions in Rule 4:12(d). Unlike Rule 4:12(b)(2), Rule 4:12(d) specifically limits the discretion of circuit court to deny a request for sanctions for the proscribed conduct by providing that a circuit court may not excuse a party’s failure to act unless that party has applied for a protective order as provided in Rule 4:1(C). We further note that Rule 4:12 does not impose different requirements for obtaining sanctions based on the severity of a discovery violation, but uniformly subjects every failure to comply with an order compelling discovery to the circuit court’s discretionary authority provided in that Rule.
As the defendants have recognized, the federal courts, in interpreting Federal Rule of Civil Procedure 37 which is substantially similar to Rule 4:12, have held that federal district courts may dismiss an action for a party’s failure to comply with discovery even though an order compelling discovery has not been entered. See, e.g., Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). However, it is the responsibility of this Court to interpret our own Rules regarding pretrial procedures for the parties in the courts of this Commonwealth. And, even though the federal courts’ interpretations of their rules in some instances may be informative, those interpretations are not binding on this Court’s interpretation of our Rules.
Accordingly, we hold that Rule 4:12(d), when read with the other provisions in Rule 4:12, authorizes a circuit court to dismiss a motion for judgment only when the plaintiff fails to comply with a court’s order to provide or permit discovery. Therefore, the circuit court erred in dismissing the plaintiffs’ motions for judgment.
*312 IV.
We will reverse the judgments of the circuit court, and we will remand these cases for further proceedings.
Record No. 992751 — Reversed and remanded.
Record No. 992752 — Reversed and remanded.