## CIRCUIT COURT OF FAIRFAX COUNTY

Nawal Kawar

v.

Marian Bouk
and Janine Ellis

July 19, 2006

Case No. (Law) 2006-1606

BY JUDGE RANDY I. BELLOWS

This matter comes before the Court on Plaintiff's motion to compel responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents.

I. *Factual and Procedural Background*

On March 24, 2006, Plaintiff served Defendants with Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents.

On April 25, 2006, Plaintiff wrote a letter to Defendants' counsel and communicated that he had not yet received responses to either Plaintiff's First Set of Interrogatories or Plaintiff's First Set of Requests for Production of Documents.

On May 17, 2006, Plaintiff wrote a second letter to Defendants' counsel and communicated that he still had not yet received responses to either Plaintiff's First Set of Interrogatories or Plaintiff's First Set of Requests for Production of Documents. In this letter Plaintiff explicitly stated that this letter was sent to fulfill the obligation to "meet and confer" prior to filing a motion to compel.

On June 28, 2006, Plaintiff filed the instant motion to compel and set a hearing for July 14, 2006.

On June 30, 2006, Defendants produced responses to Plaintiff's First Set of Requests for Production of Documents.

On July 12, 2006, Defendants wrote a letter to Plaintiff's counsel indicating that Defendants would deliver Defendants' responses to Plaintiff's First Set of interrogatories on July 13, 2006.

On July 14, 2006, the Court heard oral argument on the instant motion. At the conclusion of the hearing the Court took the matter under advisement.

## II. *Discussion*

Rule 4:8(d) provides that the "party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 21 days after the service of the interrogatories . . ." Va. Sup. Ct. Rule 4:8. Rule 4:9(b) provides that the "party upon whom the request [for production of documents] is served shall serve a written response within 21 days after the service of the request. . . ." Va. Sup. Ct. Rule 4:9. While Rules 4:8(d) and 4:9(b) require discovery to be answered and/or objected to within twenty-one days, "the court may allow a shorter or longer time."

The Court finds that Defendants' failure to respond to Plaintiff's discovery necessitated the instant motion to compel. First, Plaintiff contacted Defendants' counsel twice after serving discovery and prior to filing the instant motion without receiving a response. Second, Defendants did not file any opposition to Plaintiff's motion to compel with the Court. Third, Defendants have not asked the Court to exercise its discretion and allow a "longer time" in which to file discovery.

The effect of Defendants' failure to timely file objections is that they are deemed waived. Despite Defendants' waiver, having reviewed Plaintiff's First Set of Interrogatories, the Court compels Defendant to answer only Interrogatories 7, 10, and 11 and declines to compel answers to Interrogatories 5 and 6.

Further, having reviewed Plaintiff's First Set of Requests for Production of Documents, the Court compels Defendant to produce documents as to Requests 2-8, 11-15, 25, and 30-32. Additionally, the Court compels Defendant to produce documents as to Request 16, only as to current assets; Request 17, only as to current accounts; Request 18, only as to current debts; Request 19, only as to current deeds of trust; Request 20, only as to current deeds of trust; Request 21, only as to current bids of sale and certificates of title; Request 22, only as to current books of account; Request

23, only as to current stock certificates, bonds, and securities; Request 24, only as to current trusts and annuities; Request 26, only as to current interest; Request 29, only as to current documents. The Court declines to compel the production of documents as to requests 1 or 28.

As to all the requests where Defendants objected on the grounds of attorney client privilege and/or work product, Defendants may withhold documents on those grounds so long as a privilege log is provided to Plaintiff. The privilege log should specify the nature of the document (e.g., letter, memorandum, note, etc.), the date of the document, to whom the document was sent, by whom the document was prepared, and a general description of the content of the document. Upon receiving such a privilege log, Plaintiff may contest the assertion of such privilege by filing an appropriate motion.

All production of answers to interrogatories and requests for production of documents must be made within two weeks of today's date.

## III. *Sanctions*

During the course of the July 14, 2006, hearing, Plaintiff requested sanctions against Defendants for failure to comply with Rules 4:8 and 4:9. The Court declines to impose sanctions for the following reasons.

First, the Court is without authority to "grant relief that has not been sought by the parties." *Dritselis v. Dritselis*, 2005 Va. App. LEXIS 451 (2005) (citing *Potts v. Mathieson Alkali Works*, 165 Va. 196, 207, 181 S.E. 521 (1935)). Prior to the July 14, 2006, hearing, no motion for sanctions was sought by Plaintiffs.

Second, Rule 4:12(a) sets forth sanctions for failure to obey an order to provide or permit discovery. Here, no such order has been entered. Accordingly, the mandatory prerequisite for the imposition of sanctions under Rule 4:12(b)(2)(A), (B), and (C) has not been satisfied. *See Id.; Brown v. Black*, 260 Va. 305, 311, 534 S.E.2d 727 (2000).

## IV. *Conclusion*

Defendants are directed to comply with the attached Order immediately. Further, pursuant to Rule 4:12(a)(4), the Court awards Plaintiff the reasonable expenses incurred in obtaining this Order, including attorney's fees. Plaintiff's counsel should submit an affidavit of his reasonable attorney's fees to the Court, with a courtesy copy to my chambers, not later than August 1, 2006.