# CIRCUIT COURT OF FAIRFAX COUNTY

Ellen M. Politi

 v.

United Air Lines, Inc.

February 12, 2007

Case No. CL-2006-1272

BY JUDGE JONATHAN C. THACHER

This matter came before this Court on October 27, 2006, on Defendant's Motion for Sanctions, Costs, and Continuance of Trial Date. After considering counsels' arguments, the Court reaches the findings and conclusions stated below with regards to the Defendant's Motion for Sanctions and Costs.

## *Background*

Defendant's counsel had originally noticed the Plaintiff for a deposition to be held on August 31, 2006. This deposition was rescheduled, and Defendant's counsel noticed Plaintiff for the re-scheduled deposition to be held on October 13, 2006. The Amended Notice for Deposition for the October 13, 2006, deposition was filed on September 19, 2006, and stated that the deposition was to be taken before a "qualified court reporter and videographer."

On October 13, 2006, the Plaintiff and her counsel arrived one hour late to the deposition and then left because Plaintiff's counsel, Mr. Robert J. Cunningham, Jr., objected to the deposition being videotaped. During the

hearing on this matter, Mr. Cunningham stated that his colleague, Mr. Thomas R. Passarelli, had failed to tell him about the videographer and that he, Mr. Cunningham, did not "catch it" in the notice and that it was an "inadvertent oversight."

Defendant filed this motion seeking the costs incurred and sanctions against the Plaintiff for the actions in leaving the October 13, 2006, deposition. The Defendant also sought a continuance of the trial date. The Court declined to continue the trial date, as the parties had re-scheduled the deposition and there remained sufficient time between the re-scheduled deposition and the trial date so that neither party was prejudiced.

At the hearing on this matter, Plaintiff's counsel Mr. Cunningham asserted that his oversight was of no moment because the language contained in the notice did not comport with the requirements of Va. Code § 8.01-412.3. Plaintiff further argued that, since the parties had already rescheduled the deposition, the Defendant's motion for costs and sanctions is "frivolous, vexatious, and meritless" and, therefore, Plaintiff requests Defendant be sanctioned under Va. Code § 8.01-271.1 for bringing this motion.

## Analysis

### I. Notice Language Under Va. Code § 8.01-412.3

Va. Code § 8.01-412.3 simply states: "The notice for taking an audio-visual deposition and the subpoena for attendance at that deposition shall state that the deposition will be recorded by audio-visual means."

It is well settled law in Virginia that deposition notice shall be clear and not misleading or confusing. See *Baker v. Baker*, 194 Va. 284, 72 S.E.2d 632 (1952).

In light of the language of § 8.01-412.3, the language contained in the notice filed by the Defendant regarding the October 13, 2006, deposition clearly stated that the deposition was to be taken before a "qualified court reporter and videographer." Plaintiff's argument that such a simple and clear statement does not comport with the statutory requirements begs credulity and need not be addressed further.

### II. Sanctions and Costs

Plaintiff argues that, in order for this Court to award a sanction of costs and fees, there must have been in existence a court order that the Plaintiff's

actions violated. In support of this argument, Plaintiff cites *Brown v. Black*, 260 Va. 305, 310-12, 534 S.E.2d 727, 729-30 (2000).

In *Brown*, the Supreme Court of Virginia explained that the circuit court's power to impose sanctions specified in paragraphs (A), (B), and (C) of Rule 4:12(b)(2) was limited to situations where a party failed to comply with an existing order to provide or permit discovery. *Id*. at 310, 534 S.E.2d at 729. *Brown* involved an appeal of a trial court's dismissal of a motion for judgment based on plaintiffs' failure to respond to discovery requests. *Id*. at 307-08, 534 S.E.2d at 727-28. Upon the plaintiffs' failure to respond, the defendants moved to compel discovery, or, in the alternative, to dismiss the motion for judgment with prejudice. *Id*. Plaintiffs failed to respond to these motions, and the trial court dismissed the motions for judgment with prejudice. *Id*. The Supreme Court of Virginia granted the plaintiffs' appeal and held that, pursuant to Rule 4:12, the trial court could have dismissed plaintiffs' motions for judgment only if plaintiffs had failed to obey a discovery order and, as there was no such order in effect, therefore, the trial court erred in dismissing the motions for judgment. *Id*. at 312, 534 S.E.2d at 730.

The Supreme Court's analysis in *Brown* focused on Rule 4:12(d). Rule 4:12(d) states in pertinent part that, if a party fails:

> to appear before an officer who is to take his deposition, after being served with proper notice … the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this Rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Paragraphs (A), (B), and (C) of Rule 4:12(b)(2) grant the trial court power to enact certain orders against parties who violate previously entered orders. At issue in *Brown* was Paragraph (C) which grants a trial court the power to dismiss an action as a result of a party's failing to comply with a court order regarding discovery.

The Supreme Court noted that the exercise of the actions authorized by paragraphs (A), (B), and (C) of subdivision (b)(2) of Rule 4:12 are only available to trial court when there is an order already in effect. *Brown*, 260 Va.

at 310-11; 534 S.E.2d 729. Here, the Plaintiff's argument that *Brown* precludes this Court from granting Defendant's motion for sanctions and costs is misplaced because, in this matter, the prayed for action is not the type of action authorized by paragraphs (A), (B), or (C) of Rule 4:12(b)(2).

The language in 4:12(d) provides that a court may "*make such orders in regard to the failure [to provide discovery] as are just, and among others it may take*" are those actions authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of Rule 4:12. (Emphasis added.) Here the prayed for sanctions and costs are not the type of actions contemplated or authorized under paragraphs (A), (B), or (C) of Rule 4:12(b)(2); therefore, there is no requirement that there must be a pre-existing order in effect before the court may *make such orders it deems just*.

Furthermore, Rule 4:12(d) also states that "the court shall require the party failing to act or the attorney advising him or both to pay reasonable expenses, including attorney's fees, caused by the failure [to appear at a properly noticed deposition], unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Such failure to appear by a party may not be excused on the grounds that the discovery is objectionable unless the party who fails to appear has previously applied for a protective order. *Id.*

Here, there is no evidence or argument advanced that the Plaintiff's failure to attend the deposition was justified in any way, other than the Plaintiff's argument that the notice was defective, an argument without merit.

If the Plaintiff's interpretation of *Brown* and Rule 4:12(d) were to prevail, there would be nothing preventing parties from purposefully missing depositions the first time they are properly noticed thereby causing opposing parties to incur the expenses associated with the missed deposition. Under the Plaintiff's interpretation, there would be no consequence to the offending party so long as the deposition eventually did take place prior to the scheduling order's imposed discovery cut off date. Here, the actions were either a poorly conceived tactical maneuver or carelessness by Plaintiff's counsel. The Court expressly rejects the Plaintiff's argument regarding the applicability of *Brown* to the instant matter.

Finally, the Court also rejects the Plaintiff's argument in support of its request for sanctions against the Defendant under Va. Code § 8.01-271.1 for bringing this motion.

## Conclusion

The Court awards the Defendant the reasonable attorney's fees including those fees associated with the missed October 13, 2006, deposition and those fees for bringing this motion as well as the costs of the court reporter and videographer for the missed deposition. Counsel for the Defendant is to submit an affidavit of her reasonable attorney's fees to this Court.

## Order

This matter comes before this Court on Defendant's Motion for Sanctions and Costs; it is ordered that the Defendant is awarded reasonable attorney's fees for the October 13, 2006, deposition; and it is further ordered that the Defendant is awarded reasonable attorney's fees for bringing this motion; and it is further ordered that the Defendant is awarded the costs for the court reporter and videographer for the October 13, 2006, deposition; and it is further ordered that the Counsel for the Defendant is to submit an affidavit of her reasonable attorney's fees to this Court no later than February 20, 2006; and it is further ordered that the Plaintiff's motion for sanctions is denied.