# CIRCUIT COURT OF THE CITY OF RICHMOND

George A. Ward

    v.

Ward Trucking of Pa., L.L.C.,
d/b/a Ward Trucking, L.L.C.

October 27, 2008

Case No. CL07-1799

BY JUDGE MELVIN R. HUGHES, JR.

The defendant has moved to strike plaintiff's designation of medical expert witnesses, physicians on the ground that the designation does not specify the substance of the facts and opinions they rely on and the grounds for any opinions.

Plaintiff responded, *inter alia*, that the designees are treating physicians, not experts, and, if considered as such, they do not come under the purview of the Rule 4:1(b)(4)(A)(i) because, as fact witnesses, as the Rule specifies, they were not "acquired or developed in anticipation of litigation or for trial." In addition, citing *Rakes v. Fulcher*, 210 Va. 542, 172 S.E.2d 751 (1970), plaintiff argues that the witnesses are equally available to the defendant for discovery.

Accompanying plaintiff's designation of experts are medical reports which plaintiff asserts inform the defendant about expected evidence of reasonableness and causal connection of medical bills. Upon reading the reports, they go into diagnoses, which, of course, is expert information. So, to say that these proposed experts are merely fact witnesses is only partially true. They seem to occupy both positions, as fact witnesses and experts.

Rule 4:1(b)(4) provides in pertinent part:

> Trial Preparation: Experts. . . .
>     Discovery of facts known as opinions held by experts otherwise discoverable under the provisions of subdivision (b)(1) of this Rule and *acquired or developed in anticipation of litigation or for trial,* may be obtained only as follows:
>     (A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. . . .
>     (B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. . . .

(Emphasis supplied.)

The Rule covers disclosure of experts depending on whether the designated expert is one to be called to testify or is one who is retained or employed in anticipation of litigation or for pre-trial preparation without testimony. Before this provision, there is the statement regarding disclosure followed by the emphasized language. As noted, plaintiff relies on this language and argues that the designees are not experts because, as facts witnesses, they could not have been engaged in anticipation of litigation. However, I must adhere to the view announced at the hearing.

While plaintiff's contact with his physicians was most likely motivated by the need for medical treatment following the accident, when there may have been no prospect of litigation, thereafter, upon the filing of this action, plaintiff had to be mindful that his treating doctors would be necessary participants. So, going forward, the doctors were needed to testify about plaintiff's injuries and any connection with the subject automobile accident. The witnesses became needed as part of this litigation. Thus, they were then "acquired or developed . . . for litigation. . . ." and, as such, their designations come under the provisions of Rule 4:1(b)(4)(B). Turning next to the defendant's motion, the Court agrees with defendant. The responses are deficient in that they fail to provide the substance of facts and opinion and grounds.

Lastly, as noted, defendant has termed his motion as one to strike or preclude the witnesses. The called for relief is in the nature of a sanction. As I remarked, I do not believe the matter is properly positioned to afford this relief

for the reasons detailed in *Brown v. Black*, 260 Va. 305 (2000). I do not believe the pre-trial order is an order compelling discovery; it merely regulates the timing for expert designation under the discovery rules. Whether the discovery submitted is in compliance with the rules is another matter. Accordingly, the Court considers defendant's motion to strike as a motion to compel discovery.

Accordingly, the Court will call on Mr. Jensen to fashion an order compelling discovery which will allow plaintiff ten days from entry to provide the substance of facts and opinions and grounds under Rule 4:1(b)(4)(A)(i).