UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, O'Brien and Senior Judge Annunziata
Argued at Alexandria, Virginia


FARAH KHAKEE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0990-18-4                      JUDGE MARY GRACE O'BRIEN
                                                    APRIL 9, 2019
DAVID W. RODENBERGER


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

    Farah Khakee, *pro se*.

    (Camille A. Crandall; Kelly & Crandall PLC, on brief), for appellee.
    Appellee submitting on brief.


    Farah Khakee ("wife") appeals a pre-trial order dismissing with prejudice her motion to

modify child support and awarding attorney's fees to David Rodenberger ("husband").[1]  Wife

contends that the court erred by dismissing her motion pre-trial without a hearing on the merits and

without prior entry of an order compelling discovery.  For the following reasons, we agree and

reverse the court's decision.[2]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although wife also challenges the court's dismissal of her request to modify spousal
support, she withdrew that request at the hearing on May 23, 2018.  At that hearing, wife proceeded
only on her request for a reduction in child support.

[2] Wife also appeals a subsequent order denying her motions for a suspending order and
reconsideration.  Because we reverse the court's order dismissing wife's motion and requiring her to
pay attorney's fees, we do not address her contention that the court erred by denying her motions to
suspend and reconsider.

BACKGROUND

Husband and wife were divorced on July 30, 2013. The final order of divorce granted wife primary physical custody of the parties' two minor children and awarded her child and spousal support. In May 2015, the court transferred primary physical custody to husband and ordered wife to pay child support. Wife filed a motion to modify child support in June 2016 that the court denied. She subsequently filed a motion to modify child and spousal support in April 2017. The court granted wife a nonsuit on that action in June 2017.

In December 2017, wife filed another motion to modify spousal and child support. She asserted that modification was warranted due to her unemployment beginning in April 2017. Husband served wife with interrogatories and a request for production of documents on February 6, 2018. He requested information about wife's finances, including all sources of her income, the balance of any bank accounts and debts, employment history, and expenses. Wife answered husband's discovery requests on February 28, 2018, and supplemented her responses on May 15, 2018. She provided an income and expense statement, her tax returns, pay stubs from employment obtained in 2018, and statements from several checking, savings, and retirement accounts.

Husband filed a motion to dismiss on May 22, 2018, one day before the scheduled hearing on wife's motion for modification. He claimed that wife did not provide full and complete discovery responses because she failed to produce substantive documentation of her work history and efforts to secure employment. He also contended that wife's financial disclosure was incomplete. Husband had not previously filed a motion to compel in relation to wife's latest action seeking modification of support.

On May 23, 2018, the parties convened for a hearing on their respective motions to modify and dismiss. The court first considered husband's motion to dismiss. Husband contended that a full financial disclosure from wife was essential for the court to determine whether wife was voluntarily

unemployed or underemployed. He asserted that wife was required to produce this information pre-trial under Hammers v. Hammers, 216 Va. 30 (1975), and Antonelli v. Antonelli, 242 Va. 152 (1991). Wife responded that she had complied with discovery and provided what she considered were the necessary financial disclosures. She also asserted that the issues as to whether she was voluntarily unemployed or underemployed were factual matters for trial, not a motion to dismiss.

The court dismissed wife's motion to reduce child support with prejudice "based on [her] failure to provide a full and complete financial disclosure pursuant to Hammers and Antonelli" and awarded husband $5769 in attorney's fees and costs. The court held that husband did not "have an obligation to file a motion to compel when it is [wife's] burden to show, with a full and complete disclosure, the material change in circumstances" warranting a modification of support obligations.

Wife filed a request for a suspending order and a motion for reconsideration on June 12, 2018. However, no suspending order was entered, and the court denied wife's motion for reconsideration on June 19, 2018, based on lack of jurisdiction under Supreme Court Rule 1:1.

ANALYSIS

A. Motion to Dismiss

Wife contends that the court erred by dismissing her motion prematurely for failure to provide a full financial disclosure as required by Antonelli v. Antonelli, 242 Va. 152 (1991), and Hammers v. Hammers, 216 Va. 30 (1975). We agree.

In granting husband's motion to dismiss, the court correctly noted that wife, as the moving party on a request to modify support based on her lack of ability to pay, had the burden to make a "full and clear disclosure" of her financial situation. Hammers, 216 Va. at 31. Wife also was required to demonstrate that she was not "voluntarily unemployed or voluntarily under employed." Antonelli, 242 Va. at 154 (quoting Code § 20-108.1(B)(3)). See also Reece v. Reece, 22 Va. App. 368, 373 (1996) (extending Antonelli to requests for spousal support modification). However,

- 3 -

Hammers and Antonelli both addressed the moving party's burden of proof in an evidentiary hearing, not at a pre-trial motion. Hammers, 216 Va. at 31-32 (reversing the reduction of father's child support obligation where he failed to demonstrate at an *evidentiary hearing* that his debt was not due to his own voluntary act or neglect); Antonelli, 242 Va. at 154, 156 (affirming the denial of a motion to reduce child support following an *evidentiary hearing* where father failed to meet his burden disproving voluntary underemployment). See also Edwards v. Lowry, 232 Va. 110, 112-13 (1986) (reversing trial court's decision to reduce child support where the father failed to produce sufficient *evidence at a hearing* "showing himself free of responsibility for his change in circumstances"). Here, wife never had the opportunity to introduce any evidence or testify. Therefore, the court's determination that wife had not met her burden of proof was premature.

At the pre-trial hearing, and on appeal, husband argued that the court's dismissal of wife's motion was not a discovery sanction, but rather an "enforce[ment of] the requisite burdens of proof" on a party seeking support modification based on an inability to pay. However, husband requested dismissal of wife's motion based on her failure to produce accurate and complete answers in discovery. Therefore, the record supports wife's contention that the court dismissed her action as a discovery sanction.

"[W]e accord deference to a trial court's decision regarding discovery disputes and will set aside that decision only if the court abused its discretion." Am. Safety Cas. Ins. Co. v. C.G. Mitchell Constr., Inc., 268 Va. 340, 351 (2004). A "[trial] court by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Porter v. Commonwealth, 276 Va. 203, 260 (2008) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). See also Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 358 (2011) (Millette, J., concurring)

(noting that failure to enforce an applicable discovery rule would constitute "an error of law and consequently an abuse of discretion").

Supreme Court Rule 4:12 addresses the procedure available to enforce compliance with discovery requests. Rule 4:12(a) provides that "[a] party, upon reasonable notice to other parties . . . may apply for an order compelling discovery."

> If . . . a party fails to answer an interrogatory submitted under Rule 4:8, or if a party, in response to a request for inspection submitted under Rule 4:9, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request.

Rule 4:12(a)(2). After granting a motion to compel, the court may also award "reasonable expenses incurred in obtaining the order, including attorney's fees." Rule 4:12(a)(4). The sanctions available to a trial court if a party fails to comply with an order compelling discovery are listed in Rule 4:12(b). The Rule provides, in relevant part, as follows:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>     . . . .
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Rule 4:12(b)(2)(C).

It is uncontroverted that the court did not enter an order compelling discovery because husband never filed a motion to compel. An order compelling discovery "is a prerequisite for the imposition of sanctions under paragraph[] (C) of Rule 4:12(b)(2)." Brown v. Black, 260 Va. 305, 310 (2000). The discretion to impose a Rule 4:12(b)(2) discovery sanction "was not intended to confer upon a court the power to dismiss an action unless a party has violated an order compelling

discovery." Id. at 311. Rule 4:12(b)(2) does not "permit[] such a drastic sanction in the absence of the violation of an order compelling discovery." Id. The Supreme Court has "often warned of the dangers of 'short circuiting' litigation because in doing so, a trial court 'depriv[es] a litigant of his day in court and depriv[es an appellate court] of an opportunity to review a [more] thoroughly developed record on appeal.'" Walsh v. Bennett, 260 Va. 171, 176 (2000) (quoting Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship, 253 Va. 93, 95 (1997)).

Unlike Rule 4:12(b), Rule 4:12(d) gives the trial court authority to "impose any of the sanctions listed in paragraphs (A), (B), and (C) of subdivision (b)(2)," including dismissal of an action, "without prior entry of a Rule 4:12(b) order to compel regarding this failure."[3] However, these remedies are only available when a party *completely* fails to respond to a discovery request. See Brown, 260 Va. at 313 (Kinser, J., concurring) ("Subsection (d) [of Rule 4:12] applies when a party completely fails to respond to discovery requests, such as not appearing at a deposition after proper service or not responding at all to a set of interrogatories."). See also Kapur v. Kapur, Nos. 0363-08-4, 0950-08-4, at *3 (Va. Ct. App. May 19, 2009) ("Rule 4:12(d) sets forth the actions the trial court may take if a party *completely* fails to respond to a discovery request.").[4]

Here, wife answered husband's interrogatories and request for production of documents on February 28, 2018, and supplemented her responses on May 15, 2018. Wife provided her tax returns, several bank statements, pay stubs, and an income and expense statement. Because wife did not completely fail to respond, the court did not have the authority to impose sanctions without

---

[3] A court's authority to impose sanctions, including dismissal, for a violation of Rule 4:12(d) without prior entry of an order compelling discovery was part of an amendment to that subsection effective April 1, 2018.

[4] "While an unpublished case has no precedential value, courts do 'not err by considering the rationale and adopting it to the extent it is persuasive.'" Portsmouth Sch. Bd. v. Harris, 58 Va. App. 556, 565 n.6 (2011) (quoting Fairfax Cty. Sch. Bd. v. Rose, 29 Va. App. 32, 39 n.3 (1999) (*en banc*)). See also Rule 5A:1(f) ("The citation of judicial opinions . . . that are not officially reported . . . is permitted as informative, but shall not be received as binding authority.").

prior entry of an order to compel under Rule 4:12(d).  To the extent that husband believed wife's responses were insufficient, husband's remedy was to seek an order compelling her answers under Rule 4:12(a).  If she failed to comply with that order, he could *then* request dismissal of her action. See Rule 4:12(b)(2)(C).  Therefore, the court abused its discretion in dismissing wife's motion before entering an order compelling her to remedy her unsatisfactory discovery responses.

## B.  Attorney's Fees

Wife also contests the court's order requiring her to pay husband's attorney's fees.  "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333 (1987).

> The three principal ways a court abuses its discretion are "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

Lambert v. Sea Oats Condo. Ass'n. Inc., 293 Va. 245, 252-53 (2017) (quoting Manchester Oaks Homeowners Ass'n, Inc. v. Batt, 284 Va. 409, 429 (2012)).

"[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record."  McGinnis v. McGinnis, 1 Va. App. 272, 277 (1985).  The court erred in granting husband's motion to dismiss wife's action seeking modification of child support.  Therefore, it failed to consider the significant factor that wife should have prevailed on husband's motion at the May 23, 2018 hearing when it ordered her to pay attorney's fees.  For this reason, we also reverse the court's award of attorney's fees to husband.

CONCLUSION

We reverse the judgment of the court dismissing with prejudice wife's motion to modify child support and granting husband attorney's fees. We remand the case for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>