COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Athey, Chaney and Raphael
Argued at Winchester, Virginia


PINE HILL GROUP, LLC

OPINION BY
v.        Record No. 0626-22-4          JUDGE STUART A. RAPHAEL
JANUARY 10, 2023

NASS GROUP, LLC


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

J. Chapman Petersen (Won Y. Uh; Chap Petersen & Associates,
PLC, on brief), for appellant.

Jerome P. Friedlander, II (Friedlander & Friedlander, PC, on brief),
for appellee.


Appellant Pine Hill Group, LLC challenges the circuit court's decision to strike its answer and enter a default judgment on liability as a discovery sanction for violating a court order compelling discovery. Finding no abuse of discretion, we affirm.

BACKGROUND

Appellee Nass Group, LLC ("Nass"), a commercial tenant, sued its landlord, Pine Hill Group, LLC ("Pine Hill"), claiming that Pine Hill breached the lease. Nass alleged that it entered into a written two-year lease with Pine Hill that was orally renewed for another two-year term. Nass claimed that after it paid several months' rent at the beginning of the new term, Pine Hill breached the lease by changing the locks, preventing Nass from occupying the premises, and wrongfully retaining Nass's equipment and inventory. Asserting claims for breach of contract, conversion, and conspiracy, Nass sought compensatory and punitive damages. Pine Hill, represented by counsel, filed an answer denying liability.

On June 24, 2021, Nass served interrogatories and document requests on Pine Hill, responses to which were required within 21 days. *See* Rules 4:8(d), 4:9(b)(ii). Pine Hill failed to respond. On August 24, 2021, with the discovery responses 40 days overdue, Pine Hill's counsel moved to withdraw. Three weeks later, Nass moved to compel discovery.

On October 15, 2021, when Pine Hill's discovery responses were 92 days overdue, the circuit court granted Nass's motion to compel and ordered Pine Hill to file full and complete responses within ten days. The circuit court struck through Nass's proposed language that if Pine Hill did not "timely and fully" comply with the order, a default judgment would be automatically entered. The court entered a separate order allowing Pine Hill's counsel to withdraw.

After Pine Hill again failed to respond to its discovery requests, Nass moved for sanctions. At a hearing on November 12, 2021, the court struck Pine Hill's answer to Nass's complaint, entered default judgment against Pine Hill, and scheduled a hearing on damages. No transcript of the November 12 hearing was filed.

About a month later, Pine Hill's current counsel entered an appearance. Then, on February 25, 2022, Pine Hill moved for reconsideration of the sanctions order. Pine Hill asserted that it had served "complete responses" to Nass's discovery requests a few weeks earlier. Pine Hill argued that Nass would suffer "minimal" prejudice from the withdrawal of the default because Pine Hill had "fully responded to its discovery requests." Pine Hill added that it had "a meritorious defense" to Nass's claims because the lease required that any extension of the term be in writing, thus invalidating the alleged oral renewal. Pine Hill also asserted that it did not know that its counsel had withdrawn until November 10, 2021, and that its representative lacked proficiency in English and was "unfamiliar with the US legal system." To Pine Hill, the discovery failures resulted from a "genuine lack of understanding," not bad faith. After a hearing that was also not transcribed, the circuit court denied Pine Hill's motion for reconsideration.

The damages hearing went forward on March 24, 2022, and Pine Hill's counsel was permitted to participate. The circuit court awarded Nass compensatory damages of $60,190.92 and punitive damages of $20,000.[1] Pine Hill noted a timely appeal.

ANALYSIS

Pine Hill argues that the circuit court erred when it refused to set aside the default judgment that was imposed as a discovery sanction for disobeying the court's order compelling discovery. A circuit court "exercises 'broad discretion' in determining the appropriate sanction for failure to comply with an order relating to discovery," and we review that decision for an abuse of discretion. *Stark v. Dinarany*, 73 Va. App. 733, 745 (2021) (quoting *Walsh v. Bennett*, 260 Va. 171, 175 (2000)). A circuit court can abuse its discretion in three main ways: when it does not consider "a relevant factor that should have been given significant weight"; when it considers and gives "significant weight" to "an irrelevant or improper factor"; and when it considers "all proper factors, and no improper ones," but "in weighing those factors, commits a clear error of judgment." *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). "When we say that a circuit court has discretion, we mean that 'the [circuit] court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Stark*, 73 Va. App. at 745-46 (alteration in original) (quoting *Galiotos v. Galiotos*, 300 Va. 1, 10 (2021)). "Thus, only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* at 746 (quoting *Galiotos*, 300 Va. at 11).

---

[1] Judge David Bernhard presided at the pretrial hearings and entered the orders compelling discovery, granting Pine Hill's first counsel leave to withdraw, striking Pine Hill's answer and entering default judgment as a discovery sanction, and denying reconsideration of the sanctions ruling. Judge Michael F. Devine presided at the damages hearing and entered the final judgment.

Rule 4:12 prescribes the procedures to enforce compliance with the rules governing discovery. Under Rule 4:12(a), the party seeking discovery "may apply for an order compelling discovery."[2] Rule 4:12(b) addresses the sanctions available if a party disobeys such a discovery order. The court "may make such orders in regard to the failure as are just," including, "among others," the specific sanctions listed in subsections (A) through (E). Rule 4:12(b)(2). That list includes: (A) "[a]n order that . . . designated facts will be taken to be established"; (B) an order precluding the disobedient party from supporting or opposing designated claims or defenses; (C) "[a]n order striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party"; and (D) an order treating the disobedience as "contempt of court." *Id.* "In lieu of . . . or in addition" to those sanctions, the court must require the disobedient party or his attorney to pay reasonable attorney fees "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Rule 4:12(b).

Rule 4:12(d) addresses the situation in which a party fails to respond at all to discovery requests. It provides that "the court . . . may make such orders in regard to the failure as are just," including taking the actions authorized under "paragraphs (A), (B), and (C) of subdivision (b)(2)." The Supreme Court of Virginia held in 2000 "that Rule 4:12(d), when read with the other provisions in Rule 4:12, authorizes a circuit court to dismiss a [pleading] *only* when the [disobedient party] fails to comply with a court's order to provide or permit discovery." *Brown v. Black*, 260 Va. 305, 311 (2000) (emphasis added). The Court acknowledged that its interpretation of Rule 4:12(d) conflicted with how most federal courts had construed the identically worded language of Rule 37(d) of the Federal Rules of Civil Procedure. *Id.* It noted, however, that "federal courts'

---

[2] The motion "must be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Rule 4:12(a)(2). The rule further provides for the award of attorney fees to the prevailing party unless the court finds that the losing side's position "was substantially justified or that other circumstances make an award of expenses unjust." Rule 4:12(a)(4).

interpretations of their rules" were only "informative, . . . not binding on this Court's interpretation of our Rules." *Id.*

The Supreme Court of Virginia amended Rule 4:12(d) in 2018. *See* Order (Va. Jan. 25, 2018), https://www.vacourts.gov/courts/scv/amendments/2018_0125_rule_4_12.pdf. The amendment superseded *Brown*'s limitation on Rule 4:12(d). It clarified that if a party completely fails to respond to discovery, the trial court can impose the severe sanctions available under Rule 4:12(b)(2)(A) through (C), even "without prior entry of a Rule 4:12(b) order to compel."[3]

Although we lack a transcript of the March 18, 2022 hearing at which the circuit court denied Pine Hill's motion to reconsider the sanctions order, we cannot say that the court abused its discretion. Nass could have sought more severe sanctions under Rule 4:12(d) when Pine Hill failed at the outset to respond to Nass's discovery requests. Instead, Nass sought and the court granted an order compelling Pine Hill to respond to its discovery requests, without objection, within ten days. Nass included in its proposed order a provision that Pine Hill's failure to respond as ordered would result in a default judgment against it without further order of the court. The judge struck through that language but wrote that the deletion was "without prejudice" to such future relief. That order was endorsed by Pine Hill's original counsel before he was allowed to withdraw. On November 12, 2021, after Pine Hill violated the order, the circuit court struck Pine Hill's answer and entered a default judgment for Nass on liability. As of that date, Pine Hill's discovery responses were 120 days overdue. The order reflects that Augustine M. Kim, the "Manager" of Pine Hill, was "present without counsel." By the time Pine Hill obtained new counsel and responded to the interrogatories

---

[3] A redline comparison showing the changes to Rule 4:12(d) is published at https://www.vacourts.gov/courts/scv/amendments_tracked/rule_4_12_interlineated.pdf. The amendment also permits the sanctions specified in Rule 4:12(b)(2)(A) through (C) for a party's failure to respond to requests for production of documents under Rule 4:9. These amendments were recommended by the Boyd-Graves Conference. *See* Boyd-Graves Conference Committee Report on Rule 4:12 (June 8, 2017), https://www.vba.org/resource/resmgr/boyd-graves/2017_booklet/2017_BG_Booklet_-_Part_1.pdf (page 214).

and document requests, the discovery responses were 209 days overdue. *Cf. Woodbury v. Courtney*, 239 Va. 651, 654 (1990) (upholding exclusion of late-identified expert as discovery sanction under Rule 4:12 because "[f]ive months is more than sufficient time for a litigant to identify expert witnesses").

We disagree with Pine Hill that a trial court abuses its discretion if it imposes a default judgment as a discovery sanction when the opposing party has not been prejudiced by the delay. A trial court may conclude that the lack of prejudice warrants a lesser sanction than the striking of a pleading or the entry of a default judgment. For instance, an award of attorney fees may be appropriate "[i]n lieu of" such a sanction. Rule 4:12(b). But our Supreme Court has never required that prejudice must be shown before the most severe sanctions may be imposed for disobeying a discovery order. In *Landrum*, for instance, the Court said that "[n]othing in the language of [Rule 4:12(b)(2)] or our case law demands that a trial court first determine whether a party's failure to obey an order has caused another party to suffer prejudice before it may impose a sanction." 282 Va. at 355. As the Court put it in *Nolte v. MT Technology Enterprises, LLC*, 284 Va. 80 (2012):

> [*U*]*pon the violation of a court order* it was within the trial court's discretion to impose *any* specifically tailored sanctions "as are just" as stated in Rule 4:12(b)(2), which allows a trial court to select from a range of orders illustrated in this Rule, *including the most drastic sanction* of striking a party's case or "rendering a judgment by default against the disobedient party" as provided in Rule 4:12(b)(2)(C).

*Id*. at 94 (emphases added).

We decline Pine Hill's request to extend to the Rule 4:12 context the provision in Rule 3:19 allowing a defendant "for good cause shown" to be relieved of a default if the defendant moves for relief before the court enters a default judgment. *See* Rule 3:19(b); *AME Fin. Corp. v. Kiritsis*, 281 Va. 384, 392 (2011) (allowing consideration, when relieving a defendant of a default, of "lack of prejudice to the opposing party," among other factors). The failure to file a responsive pleading by

the deadline imposed by court rules is different in kind from disobeying a court order compelling discovery, entered after the disobedient party has *already* violated a deadline imposed by court rules. Rule 4:12 contains no similar "for good cause shown" language and, as just explained, our Supreme Court has squarely rejected claims that the movant must show prejudice before the court enters the severest discovery sanctions.

A trial court's discretion to impose "just" sanctions under Rule 4:12 is not unlimited. "[A]n appellate court should not simply rubber stamp every discretionary decision of a trial court." *Walsh v. Bennett*, 260 Va. 171, 175 (2000). But the circuit court here could properly find that Pine Hill failed to justify its failure to respond to Nass's discovery requests, particularly during the months in which Pine Hill was represented by its original counsel.[4] The circuit court also did not act precipitously or without warning. Under the 2018 amendment to Rule 4:12(d), the court could have struck Pine Hill's answer and entered a default judgment as a sanction for not responding to Nass's discovery requests. The court ordered Pine Hill instead "to file full and responsive responses, without objections," within ten days. The circuit court even declined Nass's proposal that the default be automatic if Pine Hill failed to respond as ordered. It was only after Pine Hill missed that deadline and Nass moved for default judgment that the circuit court granted that relief as a sanction under Rule 4:12(b)(2).

---

[4] Pine Hill's motion for reconsideration in the circuit court did not come with an affidavit explaining the client's failure to respond to discovery or to comply with the order compelling discovery. Pine Hill's counsel represented that lack of English fluency may have contributed to the client's noncompliance with its discovery obligations. But the circuit court was not required to accept that representation, and we cannot rely on it either. *See Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993) ("An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court.").

CONCLUSION

The circuit court did not abuse its discretion when it declined to reconsider the default judgment entered against Pine Hill as a discovery sanction for disobeying the court's order compelling discovery.

*Affirmed.*