## Richmond.

### Board of Supervisors of Alexandria County v. City Council of Alexandria.

#### January 20, 1898.

#### Absent, Cardwell and Riely, JJ.

1. Appeal and Error—*Final Decree—Decision of Principles—Mandamus.*—A decree which declines to grant the relief prayed until the Legislature enacts a further law on the subject is not a final decree, nor does it adjudicate the principles of the cause. From it no appeal lies. If a decision is desired the proper remedy is by *mandamus* to compel the trial court to hear and determine the cause.

2. Partition—*Public Property.*—In the absence of special legislation partition cannot be made between a city and a county of public property either by the courts, or by one of the parties against the protest of the other.

3. Constitutional Law—*Act Broader than Its Title—Partition or Sale of Property in Alexandria.*—The title of an Act of Assembly entitled "An act to authorize the qualified voters of Alexandria county to vote on the question of the removal of the courthouse from Alexandria city to some point within Alexandria county" is not sufficiently broad to authorize provisions in the Act for the partition or sale of the courthouse and jail properties held for the use of the county and city. Those provisions are in conflict with Art. V., Sec. 15 of the Constitution, which provides that "no law shall embrace more than one object which shall be expressed in its title."

Appeal from a decree of the Circuit Court of the city of Richmond pronounced July 3, 1897, in a suit in chancery wherein the appellant was the complainant, and the appellee and another were the defendants.

*Appeal dismissed.*

The opinion states the case.

*R. W. Johnson* and *A. W. Armstrong,* for the appellant.

*Gardner L. Booth, R. C. Scott* and *Samuel G. Brent,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

. The appellants filed their bill to have the court house and jail property of the county and city of Alexandria, partitioned in kind, or to have them sold and the proceeds divided between the county and city, one half to each.   Defence was made to the bill, and upon a hearing of the cause  the court  declined to grant the relief prayed for "until the General Assembly prescribes the scale of measurement of the interest of the county and city of Alexandria in the property."   From that decree this appeal was allowed.

The decree complained of is not final, neither does it adjudicate the principles of the cause, (Code, sec. 3454; *Elder* v. *Harris,* 75 Va. 68, 73-4).   The court expressly declined to determine the respective interests of the parties or to grant the relief sought until legislative aid was had.

After this action of the court the parties had the right to await the legislative action which the court thought was necessary before a decision could be made, or they could apply to this court for *mandamus* to compel the Circuit Court to act upon the case.   They could not appeal, for an appeal only lies to correct errors committed by the trial court in deciding the case, not for refusing to decide it.

We are of opinion, therefore, that this appeal must be dismissed as improvidently awarded.

But, in order that the controversy between the parties to the suit may be more speedily terminated, the court does not deem it improper to intimate its opinion as to some of the questions involved in the case.

Without legislative authority, neither the court nor the parties had the power to make partition or sale of the property held for the use of the county and city of Alexandria.   This does not seem to be controverted.

Neither is it claimed that either of the parties had the right against the protest of the other to have a partition or sale of the property made by the court under the general laws of the State. The Act of Assembly of February 29, 1896, alone is relied on as conferring that authority.

Without considering the question, whether or not the provisions of that act do confer such power, it is clear that the title to the act is not broad enough to warrant any such legislation. The act is entitled "An act to authorize the qualified voters of Alexandria county to vote on the question of the removal of the Court House from Alexandria city to some point within Alexandria county." Acts of Assembly, 1895-6, p. 589. By sec. 15 Art. V. of the Constitution, it is provided that "No law shall embrace more than one object which shall be expressed in its title."

This Court has recently, in several cases, had occasion to construe that clause of the constitution. It is therefore unnecessary to do more than refer to the decisions in some of those cases, where it was held that the act was broader than the title. *Lacey* v. *Palmer*, 93 Va. 159; *Martin* v. *South Salem Land Co.* 94 Va. 28.

In passing upon this question in the latter case it was said, that "if the title is so framed as to include only certain matters, other legislation beyond the matters named is inoperative, although it might with entire propriety have been embraced in the same statute with the matters indicated by the title, if the title had been more comprehensive." Citing Cooly's Const. Lim. (6th ed.) pp. 177, 179. See also *Cahoon, Treasurer* v. *Town of Iron Gate*, 92 Va. 367; Sutherland on Statutory Construction, secs. 87 and 102.

All of the provisions of the act in question as construed by appellants might very properly have been embraced in one statute, if the title had been broad enough to cover them.

The object of the act expressed in its title was "to authorize the qualified voters of Alexandria county to vote on the ques-

tion of the removal of the Court House from Alexandria city to some point in Alexandria county." There is nothing in the title to indicate that the act was for any other purpose than to authorize and make provision for holding an election to ascertain the will of the people upon the subject of removing the Court House. No member of the legislature, no citizen of Alexandria city, could infer, or even imagine from the title of the act, that it contained provisions for the partition or sale of the Court House and jail properties held for the use of the county and city. All legislation in the act with reference to the election authorized by it is of course valid, but further legislation will be necessary to authorize a partition or sale of the property named; and in any act which may be passed for that purpose, it may not be improper to suggest that it would be well to declare what are the respective interests of the county and city therein.

The legislature, as the trustee and the representative of the general public, has full control over the public property, and the public rights of the cities and counties of the Commonwealth, and when any change is made in the use of property in which two or more subdivisions of the State are interested, the interests of each in the property can be much better determined by the legislature than by the courts. 1 Dillon on Municipal Corp., secs. 66 to 71.

*Appeal dismissed.*