ROBYN LAVINE NENNINGER

v.

LOUIS CHARLES NENNINGER, III

No. 0473-94-3

Decided February 21, 1995

COUNSEL

Barbara Hudson, for appellant.

James A. L. Daniel (Robert J. Smitherman; Daniel, Vaughan, Medley & Smitherman, P.C.; on brief), for appellee.

OPINION

**BARROW, J.**—In this domestic relations appeal, we hold that an order bifurcating the divorce proceedings from the equitable distribution proceedings is not appealable.

■ In a divorce proceeding, we have jurisdiction over appeals of "final judgment[s], order[s] or decree[s]" and over "interlocutory decree[s] . . . (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause." Code § 17-116.05. An order "adjudicating the principles of a cause" is one which will necessarily affect the final order. *Polumbo v. Polumbo*, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991).

■ The order in this case bifurcating the divorce from the other issues is not such an order because it does not "determine the rules by which the court will determine the rights of the parties." *Id.* Here, the divorce has not been decreed nor has equitable distribution been ordered.[1] The separation of the two parts of the suit is not determinative of the outcome of either issue.

The appeal is dismissed.

*Dismissed.*

Moon, C.J., and Koontz, J., concurred.

---

[1] Code § 20-107.3 permits the court to retain jurisdiction *in the final decree of divorce*, but in this case, the court simply ordered bifurcation without decreeing divorce.