COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


GARY THOMAS PRIZZIA
                                                    OPINION BY
v.        Record No. 0226-04-2              JUDGE ROBERT J. HUMPHREYS
                                                  MARCH 22, 2005
JUDIT PRIZZIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Terrence R. Batzli (Aimee S. Clanton; Charles E. Powers; Batzli
Wood & Stiles, P.C., on briefs), for appellant.

Melissa S. VanZile (Phoebe P. Hall; Hall & Hall, PLC, on briefs),
for appellee.


Gary Thomas Prizzia ("husband") and Judit Prizzia ("wife") were married in Hungary on

August 28, 1999.  In February 2003, wife filed for divorce in Hungary.  Husband then filed suit

in a Virginia court, seeking a divorce on the fault-based ground of desertion, requesting equitable

distribution of the marital estate, and seeking custody of the parties' minor child.  In light of the

pending proceedings in Hungary, the Virginia court entered an order declining to exercise

jurisdiction over the divorce and child custody proceedings "at this time."  Husband appeals.  For

the reasons that follow, we hold that we lack jurisdiction to resolve the merits of this dispute

because the order from which husband appeals does not "adjudicate the merits of a cause" and,

therefore, is not an appealable interlocutory order.

I.  BACKGROUND

Husband, a United States citizen, and wife, a Hungarian citizen, met while husband was

employed in Hungary.  The parties married in Hungary on August 28, 1999, and they continued

to reside in Hungary along with N.D., wife's child from a former marriage. On February 3, 2000, wife gave birth to T.P., the only child born of this marriage.

In April 2000, husband and wife moved from Hungary to Richmond, Virginia. They bought a home in Henrico County, enrolled N.D. in school, and enrolled T.P. in a preschool program. The parties continued to reside in Virginia for the next two and a half years. In December 2002, however, husband, wife, N.D., and T.P. went to Hungary for the Christmas holidays. Although husband returned to Virginia at the end of December, wife and the two children remained in Hungary.

On February 4, 2003, wife filed for divorce in Hungary. Husband then instituted Hague Convention proceedings in Hungary, requesting that T.P. be returned to the United States. The Hungarian court, after conducting a hearing, determined that T.P.'s "habitual residence" was Hungary rather than the United States. The court reasoned that, based on the evidence presented, the parties' move to the United States was intended to be temporary rather than permanent. Accordingly, the Hungarian court denied husband's request. Husband appealed the decision of the Hungarian court within that jurisdiction, and the decision was upheld on appeal.

In May 2003, husband filed this bill of complaint in the Circuit Court for Henrico County, Virginia, requesting that the trial court enter a decree of divorce on the fault-based ground of desertion, seeking equitable distribution of the marital property, and requesting that he be awarded custody of T.P. Wife moved to dismiss or, in the alternative, to stay the proceeding pending the resolution of the suit already filed in Hungary.

The Virginia court conducted a hearing on wife's motion to dismiss on November 3, 2003. At the hearing, wife presented evidence that husband had submitted to the jurisdiction of the Hungarian court in the divorce and custody proceedings pending in that country. Specifically, wife introduced an order establishing that, on October 16, 2003, husband had

obtained an order from the Hungarian court granting him visitation rights with T.P. for the remainder of his stay in Hungary.

The trial court, after hearing limited additional evidence, concluded that "Hungary has proper jurisdiction over the parties as to divorce, custody, visitation and child support." Accordingly, the court, by order dated December 30, 2003, "decline[d] to exercise jurisdiction over [those] matters at this time." The court also stated that it would hear argument on equitable distribution, child support, and spousal support "[a]fter a final decree of divorce is granted in Hungary." Husband appeals.

## II. ANALYSIS

On appeal, husband contends that the trial court erred when it declined to exercise jurisdiction over the divorce and child custody proceedings. Husband also argues that the trial court erred in concluding that the Hungarian court had jurisdiction over the divorce and custody proceeding pending in Hungary. Finally, husband contends that the trial court erred in limiting the evidence presented at the jurisdictional hearing, thereby violating Code § 20-146.18.

Neither party initially addressed the issue of whether the order entered by the trial court was an appealable order pursuant to Code § 17.1-405. However, after hearing oral arguments on the merits of the appeal, this Court requested additional briefing on the following question: "Does the Court of Appeals have jurisdiction to hear this appeal pursuant to Virginia Code § 17.1-405?" For the reasons that follow, we hold that we lack jurisdiction to consider the merits of husband's appeal because the December 30 order is not a final order, nor is it an appealable interlocutory order. Accordingly, we dismiss the appeal.

### A. The December 30 Order is Not a Final Order

Generally, a final order "'is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and

leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (quoting Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964)); see also Estate of Hackler v. Hackler, 44 Va. App. 51, 61, 602 S.E.2d 426, 431 (2004); Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994). As noted by the Virginia Supreme Court, an order that "retains jurisdiction to reconsider the judgment or to address other matters still pending" is not a final order. Super Fresh Food Mkts. of Va., Inc. v. Ruffin, 263 Va. 555, 561, 561 S.E.2d 734, 737 (2002). Thus, a "'decree which leaves anything in the cause to be done by the court is interlocutory,'" rather than final, in nature. Dearing v. Walter, 175 Va. 555, 561, 9 S.E.2d 336, 338 (1940) (quoting Noel's Adm'r v. Noel's Adm'r, 86 Va. 109, 112, 9 S.E. 584, 585 (1889)).

Husband contends that the December 30 order was a final order, reasoning that the trial court's decision to decline jurisdiction over the divorce proceeding effectively precluded husband from obtaining any of his requested relief. Husband asserts that his requests for equitable distribution and child custody were "dependent upon the divorce matter itself," and the trial court's decision therefore "concluded" not only the divorce proceeding, but also "each of these dependent issues." We disagree.

Initially, the December 30 order does not "dispose of the whole subject" or grant all "relief contemplated" by the parties. Although the court indicated that it would not exercise jurisdiction over the divorce or child custody proceedings "at this time," the court expressly reserved jurisdiction on the issues of equitable distribution, child support, and spousal support. Accordingly, the order is not final as to those issues. See Boyd v. Horn, 28 Va. App. 688, 692-93, 508 S.E.2d 347, 349-50 (1998) (holding that a decree that "specifically retained jurisdiction to consider . . . distribution of the marital property" was "far from final"); Erickson, 19 Va. App. at 391, 451 S.E.2d at 712 (holding that a court order "which held only that the

- 4 -

marriage was valid" was not a final decree because "[i]t did not grant or deny a divorce, spousal support, equitable distribution, or incidental relief").

Moreover, the December 30 order does not actually dismiss the divorce or custody proceedings, either partially or in their entirety. Rather, the order merely indicates that the court would not exercise jurisdiction over those proceedings "at this time." This language does not preclude the possibility that the court would later exercise jurisdiction and rule on the merits of the case. Accordingly, because the December order does not "dispose" of these issues, it is not a final order. See Estate of Hackler, 44 Va. App. at 61, 602 S.E.2d at 431 (holding that an order was not final where the "order stated that the court would end the cause after [a] final accounting was reviewed and approved," but "did not say that the cause was ended," reasoning that "[t]his language indicates that the trial court considered that the cause was still open"); cf. Whitaker v. Day, 32 Va. App. 737, 742, 530 S.E.2d 924, 927 (2000) (holding that the court's denial of a motion to dismiss was not a final order because it "'did not resolve any factual or legal issues concerning the merits of the [case]'" (quoting Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 600, 471 S.E.2d 827, 830 (1996) (alteration in original))).

### B. The December 30 Order is Not an Appealable Interlocutory Order

"The Court of Appeals of Virginia is a court of limited jurisdiction. Unless a statute confers jurisdiction in this Court, we are without power to review an appeal." Canova, 22 Va. App. at 600, 471 S.E.2d at 830 (citation omitted). And, according to Code § 17.1-405(4), this Court has jurisdiction to consider only those interlocutory decrees or orders that "adjudicat[e] the principles of a cause." Because the December 30 order does not "adjudicat[e] the principles of a cause," we are without jurisdiction to consider the merits of this appeal.

An order "adjudicates the principles of a cause" if it "determine[s] the rights of the parties" and "would of necessity affect the final order in the case." Erickson, 19 Va. App. at

- 5 -

391, 451 S.E.2d at 713; see also Vinson v. Vinson, 41 Va. App. 675, 683, 588 S.E.2d 392, 396 (2003). And, as we have noted, "[a]n interlocutory order that adjudicates the principles of a domestic relations suit 'must respond to the chief object of the suit,' which is to determine the status of the parties' marriage and the custody of the parties' children, and, if appropriate, to award spousal support and child support." Wells v. Wells, 29 Va. App. 82, 86, 509 S.E.2d 549, 551 (1999) (quoting Erickson, 19 Va. App. at 391, 451 S.E.2d at 713) (citation omitted).

Here, the December 30 order meets none of these criteria. First, the order does not "respond to the chief object of the suit" because it does not determine the status of the parties' marriage, rule on which party should have custody of T.P., or award spousal support or child support. Cf. Wells, 29 Va. App. at 86-87, 509 S.E.2d at 551 (holding that the trial court's decision to exercise jurisdiction over a custody and divorce case was a non-appealable interlocutory order because "[n]o final custody determination or decree of divorce has been entered").

Second, the court order does not "determine the rights of the parties." Rather, by declining to exercise jurisdiction, the order expressly refuses even to consider the rights of the parties. See Erickson, 19 Va. App. at 391, 451 S.E.2d at 713 (holding that a court order "ruling that the parties are validly married does not 'adjudicate the principles of a cause'" because the order "does not determine the rules or methods by which the ultimate decision in the divorce is to be adjudicated, thereby requiring only the application of those principles to the facts of the case to decide the issues"); cf. Nenninger v. Nenninger, 19 Va. App. 696, 697, 454 S.E.2d 45, 45 (1995) (holding that an order bifurcating a divorce proceeding from the equitable distribution proceedings was not an appealable order because it did not "'determine the rules by which the court will determine the rights of the parties'" (quoting Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991))).

Nor will the order "of necessity affect the final order in the case." As noted above, the court did not dismiss the divorce or custody proceedings. Rather, it declined to exercise jurisdiction "at this time," leaving open the possibility that it would reconsider its decision and exercise jurisdiction over these issues at a later date.[1] Although the order may conceivably affect the final ruling if the court never exercises jurisdiction over the divorce or custody proceedings, "[t]he mere possibility that an interlocutory decree may affect the final decision in the trial does not necessitate an immediate appeal." Erickson, 19 Va. App. at 391, 451 S.E.2d at 713.

Accordingly, we conclude that the trial court's decision to decline jurisdiction "at this time" is not an appealable interlocutory order because it does not "adjudicat[e] the principles of a cause." See Bd. of Supervisors v. City Council, 95 Va. 469, 470, 28 S.E. 882, 882 (1898) (noting that, where the trial court temporarily declined to resolve the merits of a dispute, "[t]he decree complained of is not final, neither does it adjudicate the principles of the cause").

## III. CONCLUSION

For these reasons, we hold that we lack jurisdiction to consider the merits of husband's appeal, and we therefore dismiss the appeal.

Appeal dismissed.

---

[1] We note that the trial court has yet to make any of the factual findings required by the UCCJEA, such as whether Virginia is the home state of the child, whether it should defer jurisdiction under Code § 20-146.18(A) because Virginia is an inconvenient forum, or whether it should dismiss the custody proceedings under Code § 20-146.17(A) because Hungary's exercise of jurisdiction is in "substantial conformity" with the UCCJEA. We therefore express no opinion as to whether the trial court could, in fact, properly exercise jurisdiction over the custody dispute under the UCCJEA.