COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Elder and McClanahan
Argued at Charlottesville, Virginia


AJAY KAPUR

                                                    MEMORANDUM OPINION[*] BY
v.      Record Nos. 0363-08-4 and          JUDGE ELIZABETH A. McCLANAHAN
                    0950-08-4                          MAY 19, 2009
RUCHIKA KAPUR


               FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                              Rossie D. Alston, Jr., Judge

               Robert W. Partin (Locke, Partin, & DeBoer, PLC, on briefs), for
               appellant.

               Anne M. Heishman (Heishman Law, PLLC, on brief), for appellee.


       Ajay Kapur (husband) appeals from a final order of divorce from Ruchika Kapur (wife).

He argues the trial court erred in: awarding primary physical custody of the minor children to

wife, requiring him to surrender his passport, and entering a sanctions order that precluded him

from introducing evidence at the hearing on spousal support, child support, and equitable

distribution.[1] For the following reasons, we affirm, in part, and reverse, in part, the judgment of

the trial court.

       Because the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, we recite only those facts and incidents of the

proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Because husband was precluded from introducing evidence at the hearing on support
and equitable distribution, he also assigns error to the trial court's classification of certain real
property as marital, valuation of certain real property, calculation of husband's income, and
calculation of spousal and child support.

A. Custody

In reviewing the trial court's decision on appeal, we view the evidence in the light most favorable to wife, the prevailing party, granting her the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to discard the evidence of [husband] which conflicts, either directly or inferentially, with the evidence presented by [wife] at trial." Id. (citations and internal quotation marks omitted). Accordingly, we "do [] not retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of the witnesses." Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997). Rather, "[w]here, as here, the court hears the evidence *ore tenus*, its findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support" them. Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1992) (citation and internal quotation marks omitted); see also D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005).

Husband and wife were married in 1996 and have two children, a son born in 2001, and another son, born in 2005. Wife instituted divorce proceedings in 2006. After a two-day *ore tenus* hearing, the trial court awarded joint legal custody to the parties, with primary physical custody to wife and visitation to husband. Husband contends the trial court erred in awarding primary physical custody of the minor children to wife and argues the evidence showed wife chose "her own gratification and her own desires" over "the needs and best interests of her children." [2]

---

[2] The trial court entered the custody order on February 9, 2007, and a final order of divorce on March 7, 2008. Husband filed his notice of appeal on April 4, 2008. Wife argues husband waived his argument regarding custody because he failed to file a notice of appeal within thirty days from entry of the custody order. See Rule 5A:6 and Code § 8.01-675.3 (requiring notice of appeal be filed within thirty days from entry of *final* judgment, order, or decree). A final order or decree is one "'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court.'" Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (quoting Southwest Va. Hosps. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951)). An order that "retains jurisdiction to reconsider the

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990); see also Code § 20-124.2(B); Petry v. Petry, 41 Va. App. 782, 789-90, 589 S.E.2d 458, 462 (2003); Goodhand v. Kildoo, 37 Va. App. 591, 599, 560 S.E.2d 463, 466 (2002); Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996). The trial court's determination must be based on all the evidence, the factors listed in Code § 20-124.3, [3] and the best interest of the children "as viewed under the circumstances existing at the time of the decision." Cloutier v. Queen, 35 Va. App. 413, 425, 545 S.E.2d 574, 580 (2001). See also Code § 20-124.2(A).

The trial court determined primary physical custody should be with wife based on the evidence presented at the custody hearing, the wife's "actions while having primary physical custody," and by "taking into consideration all of the factors in [Code §] 20-124.3." The trial court specifically noted "its focus cannot and will not be on what is best for the parties, but rather what is in the best interest of the children." Although the trial court had "great concerns about *both* parties'

judgment or to address other matters still pending" is not a final order. Prizzia v. Prizzia, 45 Va. App. 280, 285, 610 S.E.2d 326, 329 (2005) (internal quotation marks and citation omitted). It does not matter that the order declares itself to be final; rather it must be so in fact. See Estate of Hackler v. Hackler, 44 Va. App. 51, 61-62, 602 S.E.2d 426, 431 (2004) (holding "document labeled 'Final Order'" was not a final order). The "Final Custody Order" entered by the trial court provided it was "final as to child custody" but "the case is continued for determination of the remaining issues set forth in the complaint and cross-complaint." Therefore, the trial court did not dispose of the whole matter but clearly retained jurisdiction to address the other matters still pending, specifically including spousal support, child support, and equitable distribution. Thus, husband's appeal within thirty days of the final order of divorce was a timely appeal of the matters addressed in the custody order. See Alexander v. Flowers, 51 Va. App. 404, 412-13, 658 S.E.2d 355, 358-59 (2008).

[3] The factors the trial court shall consider are: the ages and mental conditions of the children and parents, the needs of the children, the role each parent has played in their upbringing, the inclination of each parent to foster the children's relationship with the other parent, the willingness of each parent to cooperate and resolve disputes regarding the children, the preferences of the children, history of family abuse, and other factors the court deems necessary and proper. Code § 20-124.3.

- 3 -

true desires to first focus on the needs of the children over their own personal desires," it found "the [wife's] work schedule, the children's school schedule and her general willingness to not undermine [husband's] efforts to be an equal partner in the rearing of these children provides the potential for these children having a proper familial and societal development." The trial court's decision was not "plainly wrong or without evidence to support" it. Alphin, 15 Va. App. at 399, 424 S.E.2d at 574 (internal quotation marks and citation omitted). Accordingly, we affirm the trial court's decision granting primary physical custody to the wife.

### B. Surrender of Passport

In its custody order, the trial court ordered the parties to surrender their passports and the passports of the children to their counsel, and further ordered that the passports should not be returned without a hearing or consent order. Although husband argues on appeal the trial court's action was an unconstitutional restriction on his right to travel, there is no citation to the record indicating where this argument was preserved and husband concedes he did not object to this ruling. Pursuant to Rule 5A:18, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)). "'Rule 5A:18 applies to bar even constitutional claims.'" Id. (quoting Ohree, 26 Va. App. at 308, 494 S.E.2d at 488). Thus, husband's argument is waived pursuant to Rule 5A:18.

### C. Sanctions Order

On January 25, 2008, the trial court entered an order granting wife's motion for sanctions against husband. The trial court found husband "failed to comply with the discovery rules of this court, specifically he failed to appear for the properly scheduled taking of his deposition on January 7, 2008, and also failed to appear for a re-scheduled deposition on January 18, 2008."

Thus, "pursuant to the provisions of Rule 4:12 of the Rules of the Supreme Court of Virginia, [husband] is precluded at trial from introducing any evidence in his case in chief and is precluded from introducing evidence to support his claims or to oppose [wife's] claims with regard to the issues to be heard and decided by this Court on February 11-13, 2008 (Final Divorce, Support and Equitable Distribution Hearing)."[4]

Pursuant to Rule 4:12(a), a party may apply to a court in which an action is pending for an order compelling discovery when a party provides an incomplete discovery response.[5] Rule 4:12(b) sets forth the sanctions the trial court may impose if a party fails to obey an order compelling discovery.[6] Rule 4:12(d) sets forth the actions the trial court may take if a party

---

[4] The custody hearing was held prior to the entry of the sanctions order and the hearing on support and equitable distribution. Thus, the sanctions order had no effect on the custody determination.

[5] Rule 4:12(a), in pertinent part, specifically states:

> If a deponent fails to answer a question propounded or submitted under Rule 4:5 or 4:6, or a corporation or other entity fails to make a designation under Rule 4:5(b)(6) or 4:6(a), or a party fails to answer an interrogatory submitted under Rule 4:8, or if a party, in response to a request for inspection submitted under Rule 4:9, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

Rule 4:12(a)(2). "For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer." Rule 4:12(a)(3).

[6] If "a party fails to obey an order to provide or permit discovery," the trial court "may make such orders in regard to the failure as are just," including the following:

> An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

*completely* fails to respond to a discovery request.[7] And in <u>Brown v. Black</u>, 260 Va. 305, 534 S.E.2d 727 (2000), the Supreme Court held that the entry of and failure to obey an order compelling discovery is a prerequisite for an order imposing sanctions under Rule 4:12(d) (failure to attend deposition, answer interrogatories, respond to inspection request). The Court reasoned since a party's failure to obey an order compelling discovery is a prerequisite for the imposition of sanctions under paragraphs (A), (B), and (C) of Rule 4:12(b)(2) (failure to comply with order), the imposition of sanctions under Rule 4:12(d) (failure to attend deposition, answer interrogatories, respond to inspection request) was likewise conditioned upon a failure to comply with such an order since the remedies under subsection (d) are those designated in Rule 4:12(b)(2)(A)-(C).[8]

---

> An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
>
> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 4:12(b)(2)(A)-(C).

[7] If a party fails to appear for a deposition after being served with proper notice, to answer or object to interrogatories after proper service, or respond or object to a request for inspection after proper service, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this Rule." Rule 4:12(d).

[8] Wife, relying on Justice Kinser's concurrence in <u>Brown</u>, urges us to apply the plain language of Rule 4:12(d) which does not contain the same provision as Rule 4:12(b)(2) requiring the prior issuance of an order compelling discovery before sanctions may be imposed. Wife's position is amply supported by the plain language of the rule and by federal cases interpreting Federal Rule of Civil Procedure 37, which the Court noted in <u>Brown</u>, is "substantially similar to Rule 4:12," 260 Va. at 311, 534 S.E.2d at 729-30, and state court cases interpreting state rules similar to the federal rule. <u>See, e.g.</u>, <u>United States v. Reyes</u>, 307 F.3d 451 (6th Cir. 2002); <u>Aziz v. Wright</u>, 34 F.3d 587 (8th Cir. 1994) <u>Capital Chem. Indus., Inc. v. Community Mgmt. Corp.</u>, 887 F.2d 332 (D.C. Cir. 1989); <u>Minn. Mining & Mfg. Co. v. Eco Chem, Inc.</u>, 757 F.2d 1256 (Fed. Cir. 1985); <u>Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.</u>, 667 F.2d 600 (7th

Wife states an e-mail written by her former attorney indicates that at a hearing on January 11, 2008, in which the husband was not present, the trial court verbally ordered husband to appear for a deposition. According to the record, this e-mail advised husband his deposition was "now scheduled" for January 16, 2008. However, the record further indicates wife's attorney instructed the trial court *not* to enter a proposed order imposing sanctions and compelling husband's attendance at his deposition because husband had no notice of the January 11th hearing. In the sanctions order entered on January 25, 2008, a paragraph that would have required husband to appear for a deposition on or before February 1, 2008, was specifically deleted by the trial court with diagonal lines marking through the entire paragraph. The record contains no order compelling husband to attend a deposition.

Applying Brown, as we are bound by the Virginia Supreme Court precedent, because no order compelling husband's attendance at a deposition was ever entered in this case, the trial court erred in imposing sanctions and precluding husband from introducing evidence at the

---

Cir. 1981); Sigliano v. Mendoza, 642 F.2d 309 (9th Cir. 1981); Dorey v. Dorey, 609 F.2d 1128 (5th Cir. 1980); Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32 (3d Cir. 1979), overruled in part on other grounds, Alexander v. Gino's, Inc., 621 F.2d 71, 73 (3d Cir. 1980); Robison v. Transamerica Ins. Co., 368 F.2d 37, 39 (10th Cir. 1966); United States v. One Lot of U.S. Currency Totalling $506,537.00, 628 F.Supp. 1473 (S.D. Fla. 1986); Iverson v. Xpert Tune, Inc., 553 So.2d 82 (Ala. 1989); Dakota Bank & Trust Co. v. Brakke, 377 N.W.2d 553 (N.D. 1985); American Sales, Inc. v. Boffo, 593 N.E.2d 316 (Ohio Ct. App. 1991); Verde Ditch Co. v. James, 758 P.2d 144 (Ariz. Ct. App. 1988). See also 7 Moore's Federal Practice – Civil § 37.90 (2009). However, the majority in Brown declined to view Rule 4:12 as a "system of progressive discipline" but interpreted Rule 4:12(d) as implicitly requiring a party's failure to obey an order compelling discovery prior to the imposition of sanctions. 260 Va. at 311, 534 S.E.2d at 729-30. The Brown majority noted that the broad powers conferred in Rule 4:12(d) to make such orders "as are just" regarding the failure to comply with discovery "were not intended to confer upon a court the power to dismiss an action unless a party has violated an order compelling discovery." Id. at 311, 534 S.E.2d at 729. Cf. Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990).

hearing on support and equitable distribution.  We, therefore, remand the case to the trial court for a new hearing on the issues of spousal support, child support, and equitable distribution.[9]

### D.  Conclusion

In sum, we affirm the trial court's decision awarding joint legal custody to the parties, with primary physical custody to wife and defined visitation to husband.  We decline to consider husband's argument that the trial court erred in requiring him to surrender his passport finding that argument was waived pursuant to Rule 5A:18.  We conclude the trial court erred in entering the sanctions order preventing husband from introducing evidence at the hearing on spousal support, child support, and equitable distribution and remand this case to the trial court for a new hearing on those issues.

Affirmed in part; reversed
and remanded in part.

---

[9] Because a new hearing will be required, our decision regarding the sanctions order renders moot the husband's remaining questions presented:  whether the trial court erred in its classification of the real estate located at 1722 East-West Highway; whether the trial court erred in its classification of the real estate located at 2401-C Normandy Place; whether the trial court erred in including in husband's income his rent income without taking evidence on the reasonable expenses; whether the trial court erred in admitting testimony of a real estate appraiser; whether the trial court erred in awarding spousal support and child support based on wrongly inflated income; whether the trial court erred in calculating the presumptive amount of child support; whether the trial court erred in awarding spousal support because of wife's alleged adultery; and whether the trial court erred in awarding attorney's fees to wife.