COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

DANIEL J. POTAS

MEMORANDUM OPINION*
v.      Record No. 1242-17-1                                PER CURIAM
                                                            DECEMBER 27, 2017
MARCIA M. POTAS


FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

(Daniel J. Potas, on briefs), *pro se.* Appellant submitting on briefs.

(Kenneth B. Murov, on brief), for appellee. Appellee submitting on
brief.


Daniel J. Potas (father) is appealing a child support order. Father argues that the trial court
(1) "violated [his] due process, property, and obligation of contract rights by depriving [him] of
property by ordering him to pay $769 more a month in child support . . . than what was previously
agreed to in the PSA contract;" (2) erred by hearing the motion to amend child support because
appellant was never served with the motion; and (3) "erred in applying Virginia Code § 20-108.1"
and "not considering all evidence presented." Upon reviewing the record and briefs of the parties,
we conclude that appellant waived his arguments. Accordingly, we affirm the decision of the trial
court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most
favorable to the prevailing party, granting it the benefit of any reasonable inferences." Tidwell v.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Late, 67 Va. App. 668, 673, 799 S.E.2d 696, 699 (2017) (quoting Niblett v. Niblett, 65 Va. App. 616, 622, 779 S.E.2d 839, 842 (2015)).

On September 24, 2015, the parties entered into a stipulation and marital agreement ("the Agreement"), in which they agreed to child custody, visitation, support, and equitable distribution. On December 7, 2015, the trial court entered, *nunc pro tunc* to September 24, 2015, the parties' final decree of divorce. The final decree affirmed, ratified, and incorporated the Agreement. Father agreed to pay Marcia M. Potas (mother) $1,200 per month for child support. The final decree further stated, "The aforesaid support is a downward deviation from the Virginia support guidelines based upon the financial terms of this agreement and the custody and visitation provisions set forth in the Stipulation and Marital Agreement dated September 24, 2015."

Approximately, one month after the entry of the final decree, the parties filed various pleadings regarding custody and visitation issues. The trial court conducted several hearings in 2016. On September 19, 2016, mother filed a notice and motion seeking to modify child support.[1] Pursuant to the notice, the trial court held a hearing on September 26, 2016. The trial court found that there was a material change in circumstances since the final decree, and it ordered father to pay mother $1,969 per month, effective October 1, 2016, in accordance with the child support guidelines. After issuing its ruling, the trial court stated, "As it relates to support, that is a final order." The trial court entered the child support order on November 9, 2016. Father did not appeal the November 9, 2016 child support order.

On July 11, 2017, mother filed an amended child support order with the trial court. She explained that there was a typographical error in the November 9, 2016 child support order. The amended child support order correctly stated that mother, as opposed to father, would continue to

---

[1] The certificate of service on the notice and motion was dated September 15, 2016.

- 2 -

carry the children on her health insurance. The trial court entered the amended child support order on July 12, 2017. Father timely noticed his appeal of the amended child support order.

ANALYSIS

Father argues that the trial court erred by determining child support. He contends the trial court violated his rights by ordering him to pay more than what the parties agreed to in the Agreement. He further asserts that he was not served with the motion to amend child support. All of these arguments relate to the September 26, 2016 hearing and the November 9, 2016 order.

The November 9, 2016 child support order was a final order. "[A] final order 'is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" Prizzia v. Prizzia, 45 Va. App. 280, 285, 610 S.E.2d 326, 329 (2005) (quoting James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002)).

Rule 1:1 states, "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." After the expiration of twenty-one days, or by November 30, 2016, the child support order was final.

However, there are limited exceptions to Rule 1:1, including Code § 8.01-428(B) that allows the trial court to correct clerical mistakes and inadvertent omissions. Code § 8.01-428(B) states:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

The July 12, 2017 amended order corrected a clerical mistake contained in the November 9, 2016 order, which erroneously stated that mother, not father, was responsible for covering the children on her health insurance policy. Father agreed that the November 9, 2016 order contained a clerical mistake. The July 12, 2017 amended order did not reopen the child support matter.

Father waived his arguments that the trial court erred in determining child support by not appealing the November 9, 2016 order. Since father agreed to the correction in the July 12, 2017 order, there is nothing left for him to appeal.

Mother asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny her request for an award of attorney's fees and costs she incurred on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.