# CIRCUIT COURT OF HENRICO COUNTY

Earl R. Nance

v.

Bon Secours-St. Mary's Hospital

October 7, 2005

Case No. CL05-698

BY JUDGE GARY A. HICKS

This matter came before the Court on September 9, 2005, for a hearing on the issues of service of process under Rule 3:3 and the applicability of Va. Code Ann. § 8.01-20.1. The Court, on the relevant issues, makes the following findings of fact and conclusions of law to rule accordingly.

The Plaintiff originally filed his case on August 29, 2003. An Order of Nonsuit was granted to the Plaintiff on December 17, 2004. This case was re-filed on June 13, 2005. At that time, Plaintiff's counsel did not request service of process.

Defendant's counsel learned through his own means of the suit and filed in response Defendant's Grounds of Defense and Motion for a Bill of Particulars. The Defendant stated at the time of filing that formal service was waived.

In response, the Plaintiff filed his Motion to Quash Pleadings and Objections to Discovery. Defendant filed its Motion to Compel as well as its Motion to Dismiss, which brings this case to the present state.

*Waiver of Service of Process*

Plaintiff may take one non-suit as a matter of right where no counterclaim, cross-claim or third-party claim has been filed. Va. Code Ann. § 8.01-380. In this case, it was proper to enter Plaintiff's Order of Nonsuit on December 17, 2004.

Pursuant to Va. Code Ann. § 8.01-229(E)(3), where a plaintiff suffers a voluntary nonsuit the statute of limitations with respect to such action is tolled by the commencement of the nonsuit action. The plaintiff then has six months to recommence his or her action. The Plaintiff herein clearly filed his action within the time period accepted by this Court. The Motion for Judgment was received in the Clerk's Office on June 14, 2005.

According to Rule 3:3(a) of the Rules of the Supreme Court of Virginia, "An action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto." The Court interprets Rule 3:3(a) strictly. The Court finds that this action was commenced on June 14, 2005, when the Motion for Judgment was filed with the Clerk's Office. At the time of filing the action was "commenced," "instituted," and "pending" as to all parties thereto.

Rule 3:3(b) states that no judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him. The Court interprets the language of Rule 3:3(b) to mean that a plaintiff may not be awarded judgment against a defendant if service of process takes place after one year. *See also* Va. Code Ann. § 8.01-275.1. The Court finds that this one-year limit is a maximum limit placed on the plaintiff if the defendant has made no general appearance prior to that maximum time period's expiration.

Generally, it is well settled that the issuance and service of process is necessary to confer jurisdiction of the courts over the parties. It is the service that provides the court with jurisdiction. *See Jones v. Caldwell*, 61 Va. Cir. 408 (2003); *New Life Christian Church v. Dynabilt Technology Int'l Corp.*, 59 Va. Cir. 399 (2002). A court can only acquire jurisdiction over the person of a defendant by service of process or by a voluntary appearance in the suit or action. *See generally* Va. Code Ann. § 8.01-288; Va. Code Ann. § 8.01-286.1; Va. Code Ann. § 8.01-327. This issue comes down to the fundamental purpose of service of process, subjecting the defendant to the jurisdiction of the court. By waiving process, the defendant is purposefully subjecting himself to the jurisdiction of the court and thereby making a general

appearance. The general appearance waives the defendant's right to challenge jurisdiction on a due process ground.

Based on this interpretation of Virginia statutory law, common law, and the Rules of the Supreme Court of Virginia, it was proper for Defendant, upon learning of the filing of Plaintiff's Motion for Judgment, to waive formal service of process and submit responsive pleadings. The Court finds that such action constituted a general appearance on the part of the Defendant and that the Defendant is entitled to make such an appearance.

### Applicability of Va. Code § 8.01-20.1

The Court has carefully examined the language of Va. Code Ann. § 8.01-20.1. The following is the relevant portion of that statute: "Every motion for judgment, counterclaim, or third-party claim in a medical malpractice action, at the time the plaintiff requests service of process. . . ." This language is precise. The statute specifically makes a distinction as to the time service of process is requested by the plaintiff. There is no provision for instances where the defendant waives service of process and makes a general appearance prior to Plaintiff's requesting service.

The Court has also looked to the relevant, available legislative history regarding Va. Code Ann. § 8.01-20.1. The relevant legislative history, including House Bill 2659/Senate Bill 1173 and the report by the Joint Subcommittee Studying Risk Management Plans for Physicians and Hospitals, clearly states the phrase "before service of process is made." There was no other language or instance indicated as pertinent in that history.

The Court finds that the Defendant made a valid general appearance in the case. Based on the language of the first sentence of the statute, this Court finds that Defendant waived his rights in Va. Code Ann. § 8.01-20.1 by waiving service of process prior to the Plaintiff requesting service. Defendant knowingly and voluntarily waived service of process. Defendant never waited for Plaintiff to request service upon him. This in essence shows that the Defendant agreed to the suit. Defendant is, therefore, no longer entitled to certification pursuant to Va. Code Ann. § 8.01-20.1.

### Determination of the Relevant Issues

The Court holds that the defendant made a valid general appearance in this case; therefore, the plaintiff is required to respond to Defendant's discovery requests. Plaintiff's Motion to Quash Pleadings and Discovery is

denied, and Defendant's Motion to Compel is granted. The discovery responses are due on or before November 1, 2005.

Defendant's Motion for a Bill of Particulars is denied. In pleading a negligence action, the plaintiff is only required to allege that some negligence occurred without being required to state the particulars of the negligence. *See* Rule 3:16 of the Supreme Court of Virginia.

Defendant's Motion to Dismiss is denied. This Court finds that Defendant waived application of Va. Code Ann. § 8.01-20.1 when a general appearance was entered prior to Plaintiff requesting service. Defendant will have to rely on traditional discovery methods to determine the information sought.