## CIRCUIT COURT OF FAIRFAX COUNTY

Grace Lents

v.

Steven R. Vetter et al.

April 2, 2010

Case No. CL-2009-12028

BY JUDGE R. TERRENCE NEY

This matter came before the Court on February 19, 2010, upon Defendant's Motion to Dismiss Plaintiff's medical malpractice suit. After considering the pleadings, the transcript of a January 8, 2010, hearing, the arguments, and briefs of counsel, the Court took the matter under advisement. The following embodies the Court's ruling.

### Facts

These facts are derived from the Plaintiff's Complaint, the Defendant's Answer, Plaintiff's counsel's letter to the Court dated December 23, 2009, the transcript from the January 8, 2010, hearing on Defendant's Motion to Compel, and the parties' briefs.

This case arises from alleged medical malpractice committed by Steven R. Vetter, D.P.M., against Grace Lents, D.P.M., arising from a procedure Vetter performed on or about September 14, 2007. Lents originally filed suit against and requested service upon Vetter in 2009 but took a voluntary nonsuit of the case before Vetter filed an answer.

On August 18, 2009, Lents filed a new Complaint but did not request service of process, as she had not obtained the necessary expert witness certification.

Having learned of the suit, Vetter's counsel requested a courtesy copy of the Complaint. Subsequently, Vetter filed an Answer, shortly followed by Interrogatories and Requests for Production of Documents. Lents initially asked for an extension of time to provide her discovery responses. Vetter's counsel agreed, although a date certain was not set. Later, Lents' counsel advised that no responses would be forthcoming as Lents was not subject to the jurisdiction of the court because she had not requested service of process of her Complaint. This prompted Vetter to file a Motion to Compel, which was heard by the court on January 8, 2010.

Neither Lents nor her counsel appeared before the court for the January 8, 2010, hearing. Lents' counsel sent a letter to the court on December 23, 2009, advising that he would not be appearing at the January 8, 2010, hearing because he did not believe he was "before the court at this time." The Motion to Compel was granted and Lents was ordered to respond by January 19, 2010. Lents filed a Motion to Reconsider, which was denied.

On February 3, 2010, Vetter filed a Motion to Dismiss based on Lents' failure to produce the discovery ordered by the court. Both the Motion to Reconsider and the Motion to Dismiss were noticed for hearing on February 19, 2010.

The Motion to Reconsider was not heard on February 19, 2010, because it had been denied on February 17, 2010. Lents' counsel requested to the Court at the hearing on February 19, 2010, that he had not been advised or aware of this denial. Copies of the Order denying the Motion were not sent or delivered until March 1, 2010.

At the hearing Lents' counsel argued that she was appearing "specially" and did not believe herself to be under the jurisdiction of the court based on her decision not to request service of process on Vetter. Lents also contended that she was not in violation of the court's January 8, 2010, discovery order because she believed the Motion to Reconsider was still pending.

Vetter argued that he had a right to waive service of process and answer the Complaint despite the fact that Lents had not requested service. Vetter also contended that Lents was in violation of the January 8, 2010, discovery order because the Motion to Reconsider had been denied. Vetter requested as sanctions that the Complaint be dismissed with prejudice and that attorney's fees be awarded.

*Analysis*

A. *A Defendant Is Not Prohibited from Filing an Answer to a Plaintiffs Complaint Which Has Been Filed But Not Served*

A defendant in a civil suit may voluntarily appear in court and subject itself to the jurisdiction of the court prior to a plaintiff's requesting service of process or a waiver of service of process of the Complaint. *Nance v. Bon Secours-St. Mary's Hosp.*, 70 Va. Cir. 52, 53-54 (Henrico County 2005). *Bolte v. Williams*, 2006 WL 2578371 (Fairfax County 2006) is inapplicable on this point. In *Bolte* the question before this Court was whether the plaintiff's Complaint should be dismissed for failure of the plaintiff to comply with the expert witness certification requirement, rather than a failure to comply with a discovery order. The one year time period in which a plaintiff is permitted to serve does not contain a proscription against a defendant from answering. Simply put, the plaintiff has its option *not* to proceed, yet the defendant is not denied an option *to* proceed. Once Lents filed her suit, the court had jurisdiction over her action, despite the fact that she did not request service of process. Having filed an Answer to the Complaint, Vetter submitted himself to that same jurisdiction.

B. *In a Medical Malpractice Case If a Defendant Files an Answer Before the Plaintiff Obtains Service of Process, the Plaintiff Is Not Required To Have an Expert Certification*

The expert witness certification requirement in Va. Code § 8.01-20.1 only applies when "the plaintiff requests service of process upon a defendant, or requests a defendant to accept service of process. . . ." Va. Code § 8.01-20.1. Where a defendant voluntarily answers a Complaint, absent service of process or a request for a formal waiver of service of process, the defendant foregoes its right to request verification of the plaintiff's expert witness certification. *Nance*, 70 Va. Cir. at 54 (holding that the language of Va. Code § 8.01-20.1 "is precise" and that it "specifically makes a distinction as to the time service of process is requested by the plaintiff. There is no provision for instances where the defendant waives service of process and makes a general appearance prior to [p]laintiff's requesting service."). *See also Bolte*, 2006 WL 2578371 at *4 (holding that "[a]s no request for service was made, [Va. Code § 8.01-20.1] does not apply"). Because this statute contemplates dismissal of a

plaintiff's action as the result of non-compliance with the certification, a harsh remedy, the statute is to be read narrowly. *Bolte*, 2006 WL 2578371 at *3 (agreeing with a circuit court's holding that "Section 8.01-20.1 is in derogation of the common law and should be strictly construed" and that "if a defendant wishes to avail itself of the strict requirements placed upon the plaintiff by § 8.01-20.1, it must necessarily strictly comply with the statutory procedures [for service] itself"). Vetter filed an Answer voluntarily, without having been served with the Complaint or having been requested to formally waive service of process. Vetter is not entitled to demand verification of the expert witness certification.

## C. *Sanctions*

Rule 4:12(b) of the Rules of the Supreme Court of Virginia allows the court to sanction a party who fails to obey an order compelling discovery. Rule 4:12(b)(2). Sanctions may include dismissal of the violating party's action. Rule 4:12(b)(2)(C). Rule 4:12(b), however, does not mandate such sanctions; in fact, the Rule states that the court "may make such orders in regard to the failure as are just." Dismissal of the action is simply one option the court may take. Rule 4:12(b)(2); *see also Brown v. Black*, 260 Va. 305, 311, 534 S.E.2d 727, 729 (2000) (Rule 4:12(b)(2) "gives a circuit court broad discretion to tailor its sanctions to the particular conduct of a party in a given case. . . ."). The court is required to award attorney's fees either in lieu of, or in addition to, any other sanction, unless it "finds that the failure was substantially justified *or that other circumstances make an award of expenses unjust.*" Rule 4:12(b) (emphasis added).

In this case, the Motion to Dismiss was based on Lents' failure to obey the January 8, 2010, Order compelling discovery. Lents, however, believed that her Motion to Reconsider was still pending and that the pendency of the Motion relieved her of her duty to obey the Order.

A court may enter an order suspending a prior order upon the filing of a motion to reconsider, *see e.g., Williams v. Williams*, 2004 WL 316960 (City of Richmond 2004) (court suspended its prior order pending further proceedings on a Motion to Reconsider); *Bromley v. Bromley*, 2005 Va. Cir. LEXIS 18, 2005 WL 832124 (Fairfax County 2005) (court entered a suspending order after the filing of a motion to reconsider), but the filing of the Motion itself does not automatically suspend the original order. Even though Lents' Motion to Reconsider was in fact still pending at the

time Vetter filed his Motion to Dismiss, this did not excuse Lents from obeying the January 8, 2010, Order.

Notwithstanding all of this, as of February 19, 2010, no trial date had been set for this case. Furthermore, this has been the only discovery violation by Lents. Although each of the parties cites authority where courts have allowed or denied dismissal as a sanction for a single discovery violation, dismissal would be too harsh a sanction here, and the Court finds an award of attorneys' fees would not be just.

The Motion to Dismiss is denied. Discovery is to be responded to in full within fourteen days.