**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-2016**

─────────

MICHAEL JAMES KEITZ,

                Plaintiff - Appellant,

        v.

UNNAMED SPONSORS OF COCAINE RESEARCH STUDY; COMMONWEALTH OF
VIRGINIA; UNIVERSITY OF VIRGINIA AND MEDICAL CENTER; UNNAMED
DIRECTOR OF UVA CENTER FOR ADDICTION RESEARCH; UVA CENTER
FOR ADDICTION RESEARCH; UNNAMED #1, MALE NURSE, UVA CARE;
UNNAMED #2 MALE DOCTOR, UVA CARE; UNNAMED #3 FEMALE RESEARCH
ASSISTANT, UVA CARE; UNNAMED #4, 5, 6 MALE E.R. DOCTORS, UVA
MEDICAL CENTER,

                Defendants - Appellees.

─────────

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.  Glen E. Conrad, Chief
District Judge.  (3:11-cv-00054-GEC)

─────────

Submitted:  February 29, 2012      Decided:  February 15, 2013

─────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

─────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

─────────

Michael James Keitz, Appellant Pro Se.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In forma pauperis litigant, Michael James Keitz, brought this action on August 26, 2011, against Unnamed Sponsors of Cocaine Research Study, the Commonwealth of Virginia, the University of Virginia Medical Center, and several individuals, alleging state law claims for medical negligence, medical malpractice and technical battery.[1] The district court dismissed Keitz's claims on September 1, 2011, after a 28 U.S.C. § 1915 (2006) review. After reviewing the record and considering Keitz's arguments, we affirm in part and vacate in part and remand to the district court.[2]

We discern no error in the district court's decision to dismiss Keitz's technical battery claim as frivolous. See Neitzke v. Williams, 490 U.S. 319, 328 (1989); Nagy v. FMC Butner, 376 F.3d 252, 254-55 & n.* (4th Cir. 2004).

---

[1] Because Keitz currently resides in New York State, all of the defendants appear to be citizens of Virginia, and Keitz sought $1,000,000 in damages, the district court had diversity jurisdiction over Keitz's claims. See 28 U.S.C. § 1332 (2006) (providing that diversity jurisdiction exists when there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs).

[2] During the pendency of this appeal, Keitz noted a separate appeal (No. 12-1640) in the same district court action. Appeal No. 12-1640 was subsequently dismissed for failure to prosecute, and Keitz did not file a motion to reopen that appeal. Accordingly, we now proceed with our disposition of the present appeal.

Accordingly, we affirm that portion of the district court's order.

We nonetheless vacate the portion of the district court's order sua sponte dismissing Kietz's medical negligence and medical malpractice claims for allegedly failing to comply with Va. Code Ann. § 8.01-20.1 (2007). Under § 8.01-20.1,

> Every motion for judgment, counter claim, or third party claim in a medical malpractice action, at the time the plaintiff requests service of process upon a defendant, or requests a defendant to accept service of process, shall be deemed a certification that the plaintiff has obtained from an expert witness . . . a written opinion signed by the expert witness that . . . the defendant for whom service of process has been requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed.

Id. Thus, if a defendant provides a written request, a plaintiff must, within ten business days of receiving that request, "provide the defendant with a certification form that affirms that the plaintiff had obtained the necessary certifying expert opinion at the time service was requested[.]" Id. If the plaintiff fails to obtain a necessary certifying expert opinion at the time the plaintiff requested service of process on the defendant, § 8.01-20.1 directs that the court "impose sanctions . . . and may dismiss the case with prejudice." Id.

As the district court correctly recognized, a plaintiff need not provide a § 8.01-20.1 certification if the plaintiff "alleges a medical malpractice action that asserts a

3

theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Id. Virginia courts have observed, however, that only in rare circumstances will expert testimony in a medical malpractice action be unnecessary. See Beverly Enter.-Va., Inc. v. Nichols, 441 S.E.2d 1, 3 (Va. 1994) (noting that only rarely do the alleged acts of medical negligence fall within the range of a factfinder's common knowledge and experience). We conclude that the district court correctly determined that whether the Defendants committed malpractice or were negligent during the drug study requires expert testimony.

We nonetheless conclude that it was error for the district court to dismiss Keitz's complaint based on § 8.01-20.1, because the record reflects that Keitz had neither requested service of process upon a defendant nor requested a defendant to accept service of process. See Lents v. Vetter, 80 Va. Cir. 268, 2010 WL 7375603, at *2 (Va. Cir. Ct. (Fairfax) 2010) (holding that defendant was not entitled to demand verification of expert witness certification where defendant voluntarily filed answer without being served with complaint or requested to formally waive service of process, and recognizing that because § 8.01-20.1 "contemplates dismissal of a plaintiff's action as the result of noncompliance with the

4

certification — a harsh remedy — the statute is to be read narrowly"); <u>Bolte v. Williams</u>, 2006 WL 2578371, at *3-*4 (Va. Cir. Ct. (Fairfax) 2006) (denying motion to dismiss predicated on § 8.01-20.1 where plaintiff did not authorize service of process, and acknowledging that "[t]he statute specifically makes a distinction as to the time service of process is requested by the plaintiff") (internal quotation marks and citation omitted).

Based on the foregoing, we affirm in part and vacate in part and remand the matter to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>
